IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEAN FOODS COMPANY, § | |
| § | |
| Plaintiff, § | CASE NO. |
| § | |
| v. § | |
| § | JURY TRIAL DEMANDED |
| HARVEST BEVERAGE GROUP LLC, § | |
| § | |
| Defendant. § | |

## COMPLAINT

Plaintiff Dean Foods Company ("Plaintiff" or "Dean Foods") files this Complaint against Defendant Harvest Beverage Group, LLC ("Defendant" or "HBG") for trademark infringement, unfair competition, and violations of the Connecticut Unfair Trade Practices Act. Through this suit, Dean Foods seeks, among other things: (1) actual, treble, punitive, and exemplary damages; (2) a permanent injunction; and (3) its attorneys' fees and costs of court. Dean Foods alleges as follows:

## THE PARTIES

1.     Plaintiff Dean Foods Company is a Delaware corporation with its principal place of business located at 2711 North Haskell Avenue, Suite 3400, Dallas, Texas 75204.

2.     On information and belief, Defendant Harvest Beverage Group LLC is a New York limited liability company with its principal place of business at 222 Forbes Avenue, New Haven, Connecticut 06512. Pursuant to Rule 4(h)(1)(B), Defendant may be served by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

5.  This Court has personal jurisdiction over Defendant because Defendant's principal place of business is located in Connecticut. Additionally, Defendant has committed, and continues to commit, acts of trademark infringement and unfair competition in Connecticut, and Plaintiff's claims arise from or are directly related to such conduct. As a consequence, Defendant has purposefully availed itself of the benefits and protections of the laws of the State of Connecticut, and, therefore, exercising personal jurisdiction over Defendant is fair and proper.

## BACKGROUND

6.  Dean Foods is a leading food and beverage company and the nation's largest processor and direct-to-store distributor of fresh fluid milk and other dairy and dairy-case products. Dean Foods manufactures, markets, and distributes more than 50 national, regional, local, and private-label milk brands as well as leading brands for ice cream, cultured products, creamers, juices, bottled water, and more.

7.  Since at least 2009, Dean Foods has manufactured, marketed, and distributed single-serve and multi-serve, flavored milk products throughout the United States under the TruMoo mark ("TruMoo Products"). The TruMoo Products are supported by category-leading national advertising and marketing campaigns and have achieved outstanding success in the marketplace. Since TruMoo was launched, its annual revenues have grown to exceed $600 million, and its national brand awareness has grown to 89%. In addition to its four basic flavors

(chocolate, vanilla, strawberry, and coffee), the TruMoo product line has expanded to include an additional five limited-time-offering flavors seasonally throughout the year, as well as TruMoo Protein, a special high-protein beverage. In 2012, TruMoo was ranked among the top five most successful brands by one of the leading consumer product data providers.

8. Dean Foods is the owner of U.S. Trademark Registration No. 3,875,009 for the word mark TRUMOO for "dairy products excluding ice cream, ice milk, and frozen yogurt," in International Class 29 (the "TRUMOO Mark"), which was registered on the United States Trademark Office's Principal Register on November 9, 2010. A copy of the TRUMOO Mark is attached as **Exhibit A**.

9. Dean Foods began using the TRUMOO Mark in interstate commerce in connection with dairy products at least as early as September 21, 2009. Dean Foods has continuously used the TRUMOO Mark in connection with dairy products from September 21, 2009, through the present.

10. Pursuant to 15 U.S.C. § 1065, Plaintiff's registration for the TRUMOO Mark is incontestable. A copy of the U.S. Patent and Trademark Office's Notice of Acceptance Under Section 8 and Notice of Acknowledgment Under Section 15 for the TRUMOO Mark is attached as **Exhibit B**.

11. Dean Foods enjoys valuable goodwill in the TRUMOO Mark as a result of its continuous use of the TRUMOO Mark since as early as September 21, 2009.

12. At all relevant times, Dean Foods has provided notice of registration of the TRUMOO Mark by displaying the letter R enclosed within a circle in proximity to the mark and pursuant to 15 U.S.C. § 1111. Additionally, Defendant has actual notice of Plaintiff's registration for the TRUMOO Mark.

13. On information and belief, Defendant is engaged in the business of preparing, manufacturing, marketing, distributing, and selling single-serve, dairy-free, flavored nut-milk products through various retail channels, including Whole Foods Market grocery stores, throughout the Mid-Atlantic and/or Northeast regions of the United States.

14. On information and belief, Defendant prepares, manufactures, markets, distributes, and sells single-serve, dairy-free, flavored nut-milk products (the "NüMoo Products") under the NüMoo mark (the "NÜMOO Mark").

15. On or about January 18, 2016, Defendant filed an application to register the NÜMOO Mark with the United States Patent and Trademark Office for use in connection with "dairy-free beverages, namely, nut-based milk for use as a milk substitute, dairy-free milks" in International Class 29 (the "NÜMOO Application"). A copy of the NÜMOO Application is attached as **Exhibit C**.

16. The NÜMOO Application was assigned Serial No. 86/878,798 and published in the *Official Gazette* dated November 29, 2016, on page TM 1410.

17. Dean Foods timely filed a Notice of Opposition with the U.S. Trademark Office Trademark Trial and Appeal Board on March 24, 2017, opposing the NÜMOO Application.

18. Defendant claims first use anywhere of the NÜMOO Mark and first use in commerce of the NÜMOO Mark of at least as early as April 2015, as shown in the attached Exhibit C.

19. Defendant's use of the NÜMOO Mark is likely to cause confusion among ordinary consumers regarding the source, sponsorship, affiliation, or approval of Plaintiff's or Defendant's goods. For example, Defendant's NüMoo Products are marketed to the same categories of consumers as Plaintiff's TruMoo Products. Defendant's NüMoo Products are

similar, related, and/or complementary to Plaintiff's TruMoo Products given that both products are refrigerated, flavored milk or milk-substitute beverage products. The overall commercial impression created by Plaintiff's TRUMOO Mark in the marketplace is similar to that created by Defendant's NÜMOO Mark. Specifically, the marks share similar appearance, sound, and meaning. On information and belief, Defendant had knowledge of Plaintiff's TRUMOO mark prior to adopting its confusingly similar NÜMOO Mark. Plaintiff's and Defendant's goods are likely to be sold in the same or similar retail grocery stores, and within these stores displayed in common refrigerated displays often adjacent to each other, and are likely to be advertised through the same or similar marketing channels. Finally, dairy-free beverages fall within a natural zone of expansion for Dean Foods, and particularly with reference to its TruMoo Products. Nut and plant-based nondairy products are generally thought of and marketed to consumers as substitutes or alternatives to dairy beverages.

## COUNT ONE: TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114 (SECTION 32 OF THE LANHAM ACT)

20. Dean Foods realleges and incorporates by reference the allegations in Paragraphs 1-19 above.

21. The TRUMOO Mark is a valid and protectable trademark; Dean Foods owns the TRUMOO Mark, and Dean Foods is the senior user of the mark.

22. Defendant is using the NÜMOO Mark in commerce without the consent of Dean Foods in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

23. In accordance with Section 34 of the Lanham Act, 15 U.S.C. § 1116, Defendant should be permanently enjoined from using the NÜMOO Mark or any confusingly similar variation thereof, alone or in combination with other words, as a trademark, service mark,

corporate name, trade name component, domain name or domain name component, or otherwise, to market, advertise, or identify Defendant's goods.

24. Under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Dean Foods is entitled to recover from Defendant: (i) Defendant's profits, (ii) the damages sustained by Dean Foods, and (iii) the costs of this action. Upon information and belief, Defendant's conduct was knowing, willful, and/or intentional, entitling Dean Foods to recover treble damages and reasonable attorneys' fees.

**COUNT TWO**:  **UNFAIR COMPETITION UNDER**
**15 U.S.C. § 1125(a) (SECTION 43(a) OF THE LANHAM ACT)**

25. Dean Foods realleges and incorporates by reference the allegations in Paragraphs 1-24 above.

26. Defendant's acts, committed in the course of interstate commerce, constitute materially false and misleading misrepresentations of fact with respect to the origin of Defendant's goods, and the affiliation, sponsorship, and approval of Defendant's goods in violation of Section 43(a)(1)(A) of the Lanham Act.

27. In accordance with Section 34 of the Lanham Act, 15 U.S.C. § 1116, Defendant should be permanently enjoined from using the NÜMOO Mark or any confusingly similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporate name, trade name component, domain name or domain name component, or otherwise, to market, advertise, or identify Defendant's goods.

28. Under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Dean Foods is entitled to recover from Defendant: (i) Defendant's profits, (ii) the damages sustained by Dean Foods, and (iii) the costs of this action. Upon information and belief, Defendant's conduct was knowing,

willful, and/or intentional, entitling Dean Foods to recover treble damages and reasonable attorneys' fees.

## COUNT THREE:
## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT

29.   Dean Foods realleges and incorporates by reference the allegations in Paragraphs 1-28 above.

30.   Defendant's actions complained of above, alone or in combination, constitute unfair methods of competition, unconscionable acts or practices, and/or unfair or deceptive acts or practices in violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), C.G.S.A. § 42-110(a), *et seq.*

31.   As a result of Defendant's conduct, Plaintiff has suffered an ascertainable loss, will continue to suffer substantial harm, and is entitled to the recovery of damages, punitive damages, attorneys' fees, and costs.

32.   Defendant will continue its unlawful activities unless enjoined, and Plaintiff has no adequate remedy at law. Defendant should be permanently enjoined from using the NÜMOO Mark or any confusingly similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporate name, trade name component, domain name, or domain name component or to otherwise, market, advertise, or identify Defendant's goods.

## COUNT FOUR:
## COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

33.   Dean Foods realleges and incorporates by reference the allegations in Paragraphs 1-32 above.

34.   The actions complained of herein constitute acts of unfair competition and trademark infringement in violation of the common law of the State of Connecticut.

35. Dean Foods has been damaged by Defendant's conduct as stated herein. Dean Foods seeks actual and exemplary damages arising out of Defendant's unfair competition and infringement.

36. Defendant should be permanently enjoined from using the NÜMOO Mark or any confusingly similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporate name, trade name component, domain name or domain name component or to otherwise, market, advertise, or identify Defendant's goods.

## APPLICATION FOR PERMANENT INJUNCTION

37. Dean Foods realleges and incorporates by reference the allegations in Paragraphs 1-36 above.

38. On information and belief, Defendant, unless enjoined, will continue to misrepresent to or mislead the public into believing that its goods are sponsored by, approved by, affiliated with, associated with, or originated by Dean Foods, and Defendant will continue to infringe the TRUMOO Mark by using the NÜMOO Mark to identify Defendant's highly related and/or competing goods. All of these acts violate the Lanham Act and Connecticut law.

39. Upon a trial of this case, Dean Foods seeks a permanent injunction enjoining Defendant and its officers, agents, servants, employees, franchisees, and attorneys, and all those persons in active concert or in participation with them from:

    i. Representing that Defendant's goods are in any way sponsored by, approved by, affiliated with, or originated by Dean Foods;

    ii. Using the NÜMOO Mark or any confusingly similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporate name, trade name component, domain name or domain name

     component or to otherwise, market, advertise, or identify Defendant's goods; and

  iii.  Otherwise competing unfairly with Dean Foods.

40. For these actions, there is no adequate remedy at law. The injury to Dean Foods greatly outweighs any injury to Defendant that the requested injunction may cause. The balance of hardships tips strongly in favor of Dean Foods. Finally, the injunction will not disserve the public interest.

## JURY DEMAND

41. Dean Foods hereby requests a trial by jury pursuant to Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

For the foregoing reasons, Dean Foods respectfully requests the Court to:

A. Award Dean Foods its actual, treble, punitive, and exemplary damages;

B. In accordance with Connecticut law and 15 U.S.C. § 1116, issue a permanent injunction enjoining Defendant and its officers, agents, servants, employees, franchisees, and attorneys, and all those persons in active concert or participation with Defendant from performing the acts described in this Complaint;

C. Order Defendant to provide an accounting of all sales, revenues, and profits related to Defendant's unfair competition and sale of goods that infringe the TRUMOO Mark;

D. In accordance with 15 U.S.C. § 1118, order all materials in Defendant's possession or control bearing the NÜMOO Mark be surrendered for destruction;

E.      In accordance with Connecticut law and 15 U.S.C. § 1117(a), award Dean Foods all of Defendant's profits and Dean Foods' actual damages from the aforesaid acts of trademark infringement and unfair competition;

F.      In accordance with Connecticut law and 15 U.S.C. § 1117(a), find this case to be exceptional in Dean Foods' favor and award Dean Foods its reasonable attorneys' fees, costs, and expenses of this action;

G.      Award Dean Foods its costs and pre-judgment and post-judgment interest at the maximum allowable interest rate; and

H.      Grant Dean Foods such other relief, at law or in equity, to which it is justly entitled.

Dated:  August 10, 2017

THE PLAINTIFF
**DEAN FOODS COMPANY**
Respectfully submitted,

**CARMODY TORRANCE SANDAK & HENNESSEY LLP**

*/s/ John L. Cordani*
John L. Cordani Jr.
Federal Bar No. ct28833
JCordaniJr@carmodylaw.com

50 Leavenworth Street
Waterbury, CT 06702
203-784-3110 | Main
203-784-3199 | Fax

-and-

**GRIFFITH BATES CHAMPION & HARPER LLP**

Austin Champion
Texas Bar No. 24065030
austin.champion@griffithbates.com
(*pro hac vice* application forthcoming)

John S. Adams
Texas Bar No. 24097277
john.adams@griffithbates.com
(*pro hac vice* application forthcoming)

5910 N. Central Expressway, Suite 1050
Dallas, Texas 75206
214-238-8400 | Main
214-238-8401 | Fax